**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : **COMPLAINT**<br> : **CIVIL ACTION NO.**<br> : <br> : <br> : |
| and | : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : |
| v. | : |
| SMARTRISE ELEVATOR SERVICE INC.<br>13523 Larwin Circle<br>Santa Fe Springs, CA 90670 | : <br> : <br> : <br> : |
| and | : |
| ART GUMM<br>13523 Larwin Circle<br>Santa Fe Springs, CA 90670, | : <br> : <br> : <br> : |
| Defendants. | : |

**COMPLAINT**

**(TO COMPEL A PAYROLL AUDIT AND FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1.    The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.    The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.    The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).   The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2

4.      The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.      The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Annuity 401(k) Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Annuity 401(k) Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Smartrise Elevator Service Inc. ("Smartrise Elevator") is a California business existing under the laws of the state of California with offices located at 13523 Larwin Circle, Santa Fe Springs, California 90670.

7.      Smartrise Elevator transacts or transacted business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, Smartrise Elevator was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National

Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.    Art Gumm is an officer and owner of Smartrise Elevator and resides at 13523 Larwin Circle, Santa Fe Springs, California 90670.

10.    At all relevant times, Art Gumm exercised control and discretion over the assets of Smartrise Elevator, including, but not limited to, decisions regarding the collection of receivables for Smartrise Elevator, the disbursement of payroll to employees, and the amount to be paid to the Plaintiffs.  Accordingly, Art Gumm is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11.    During the period of January 1, 2022 through the present, the Defendant Smartrise Elevator employed employees performing work covered by the Collective Bargaining Agreements.

**Jurisdiction**

12.    This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to enforce an employer's contractual obligation to cooperate with a payroll audit, to submit monthly contribution reports and payments, and other contributions pursuant to the Collective Bargaining Agreements, to collect the outstanding contributions and other amounts from the owner individual, for breach of fiduciary duty, and for appropriate equitable relief.

13. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

14. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (TO COMPEL A PAYROLL AUDIT)

15. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16. An audit of Defendant Smartrise Elevator's records from January 1, 2022 to the date the audit can be completed, will permit the Plaintiffs to determine whether the Defendant has and is properly reporting the correct number of employees working under the Collective Bargaining Agreements, the correct number of hours worked by the employees, the correct contribution rates, and the correct amounts owed to each of the Plaintiffs.

17. Defendant Smartrise Elevator has refused requests to cooperate in a payroll audit to be conducted on behalf of the Plaintiffs by the certified public accounting firm of Daniel A. Winters & Co.

18. Pursuant to Defendant Smartrise Elevator's Short Form Agreement, the Defendant is a party to and bound by the terms and conditions of the Plaintiffs' Restated Agreements and Declarations of Trust.

19. Under the terms of the Short Form Agreement and Plaintiffs' Restated Agreements and Declarations of Trust, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to

obtain and conduct an audit of Defendant Smartrise Elevator's payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

20.    Plaintiffs will seek a judgment in this action against the Defendants for all contributions, interest, liquidated damages and attorneys' fees and costs which are discovered to be due as a result of the audit.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

21.    The Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 20 of Count I as if fully set forth in Count II.

22.    Defendant Art Gumm executed the Short Form Agreement on August 10, 2022, agreeing to be bound to the terms of the Collective Bargaining Agreements and the Benefit Funds' Restated Agreements and Declarations of Trust.

23.    Defendant Art Gumm was and is responsible for creating and operating Smartrise Elevator and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Smartrise Elevator's assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Plan from Smartrise Elevator's assets.

24.    Defendant Art Gumm commingled assets of Smartrise Elevator payable to the Plaintiffs with the general assets of Smartrise Elevator and used those assets for purposes other than to pay the Plaintiffs.

25.    Defendant Art Gumm exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

26.    The amounts due, unreported and unpaid by Defendant Smartrise Elevator as

determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

27.     The factual contentions in Paragraphs 8 through 13 and 22 through 26 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1.     That the Court find the Defendant Smartrise Elevator liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of January 1, 2022 through the date the audit is completed;

2.     That the Court find Defendant Art Gumm jointly and severally liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of January 1, 2022 through the date the audit is completed;

3.     To enter judgment against the Defendants Smartrise Elevator and Art Gumm in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

4.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date:   April 7, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132(h), on this 7th of April, 2026 on the following:

> Internal Revenue Service,
> Office of the Associate Chief Counsel, CC:EEE
> Room 4300
> 1111 Constitution Avenue, NW
> Washington, DC 20224
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC 20210
> ATTN: Assistant Solicitor
>          for Plan Benefits Security

> s/ Andrew Costa-Kelser
> Andrew Costa-Kelser